```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
Shannon R. O'Neal,                        :
                                          :     CASE NO. 5:11-CV-2673
          Plaintiff,                      :
                                          :
vs.                                       :     OPINION & ORDER
                                          :     [Resolving Doc. Nos. 1, 11, & 15 ]
Commissioner of Social Security,          :
                                          :
          Defendant.                      :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Magistrate Judge Vernelis K. Armstrong recommends this Court affirm the Social Security Commissioner's denial of supplemental security income (SSI) and disability insurance benefits (DIB) to Plaintiff Shannon O'Neal. Because the Administrative Law Judge (ALJ) correctly determined that a substance abuse disorder is a contributing factor to Plaintiff's disability, the Court ADOPTS the recommendations of the Magistrate Judge, AFFIRMS the Commissioner's denial of benefits, and DENIES Plaintiff's motion for summary judgment [Doc. 11].

I. Background

On April 3, 2008, Plaintiff filed applications for SSI and DIB alleging that she had been disabled since January 2007. [Tr. 161, 164.] On November 19, 2010, she appeared and testified at a hearing before ALJ Dwight D. Wilkerson. [*Id.*] An impartial medical expert and an impartial vocational expert also attended. [*Id.*]

O'Neal testified that she completed high school and received cosmetology training. [*Id.* at 55.] Her most recent position was as a cook at McDonald's in 2007. [*Id.* at 58.] She eventually

Case No. 5:11-CV-2673
Gwin, J.

moved to the cash register, but panicked when she had to interact with people she did not know. [*Id.*] This anxiety followed her outside of work; she testified that she became nervous when taking walks for fear that people driving by were talking about her. [*Id.* at 63.] Plaintiff also testified that she had used marijuana and cocaine, but that she had not used those for eight months. [*Id.* at 67.] When asked why she applied for SSI and DIB, Plaintiff told the ALJ that she suffered from anxiety, panic attacks, asthma, auditory hallucinations, and pain in her legs making it difficult for her to stand. [*Id.* at 68-69.]

On January 3, 2011, the ALJ issued his decision. He found that Plaintiff has the following severe impairments: asthma, dysfunction and arthritis of the right ankle, bipolar disorder, generalized anxiety disorder, panic disorder, cocaine dependence, and cannabis dependence. [*Id.* at 30.] Turning to her substance abuse, the ALJ determined that if Plaintiff stopped using drugs, "her condition would more likely than not improve to the point that she would not be found disabled." [*Id.* at 32.] He did note, however, that Plaintiff would still have severe impairments absent the substance abuse. [*Id.*] Finally, based on the opinions of the state medical consultants and the lack of any evidence of decompensation, the ALJ determined that O'Neal's remaining impairments would not meet or medically equal "any of the impairments listed in 20 C.F.R. § 416.920(d)," [Tr. 34.] Abstaining from drugs and alcohol would permit Plaintiff "to perform light work as defined in 20 C.F.R.§ 416.967(b)" requiring the finding that the substance abuse disorders are "a contributing factor material to the determination of disability." [*Id.* at 40.]

O'Neal appealed the ALJ's decision to the Appeals Council of the Social Security Administration. On October 11, 2011, the Appeals Council denied her request for review. [*Id.* at 5.] O'Neal thereafter sought review in this Court and moved for summary judgment. On October

-2-

Case No. 5:11-CV-2673
Gwin, J.

29, 2012, Magistrate Judge Armstrong issued his Report and Recommendation that the Commissioner's decision be affirmed and that O'Neal motion for summary judgment be denied. [Doc. 15.] Plaintiff's objections and Defendant's response to those objections have been received, and the case is now ripe for adjudication.

## II. Legal Standards

To establish disability under the Social Security Act, a claimant must show that she is unable to engage in substantial activity due to the existence of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A). Agency regulations establish a five-step sequential evaluation for use in determining whether a claimant is disabled. The claimant's impairment must prevent her from doing her previous work, as well as any other work existing in significant numbers in the national economy. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).

The Federal Magistrates Act requires a district court to conduct *de novo* review of the claimant's objections to a report and recommendation. 28 U.S.C. § 636(b)(1). A final decision of the Social Security Commissioner made by an ALJ is, however, not reviewed *de novo*. A district court determines only whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The substantial evidence standard requires more than a scintilla, but less than a preponderance of the

-3-

Case No. 5:11-CV-2673
Gwin, J.

evidence. See *id.* In deciding whether substantial evidence supports the ALJ's decision, a court should not try to resolve conflicts in evidence or decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The district court may look into any evidence in the record, regardless of whether it has been cited by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). When substantial evidence supports the ALJ's decision, a court may not reverse, even if the court would have made a decision different than the ALJ made. *Siterlet v. Sec. of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).

III.

O'Neal raises three objections to Magistrate Judge Armstrong's Report and Recommendation. As all three objections relate to the same issue—whether the ALJ properly determined that O'Neal's substance abuse is a contributing factor to the disability—they are addressed in tandem.

Congress prohibits the award of benefits to individuals for whom substance abuse is a contributing factor material to their disability determination. 42 U.S.C. § 423(d)(2)(C). Substance abuse is not a bar to receiving benefits if the claimant can show that their disability is independent of any type of drug or alcohol use. Plaintiff bears the burden to prove the independence of the substance abuse from the impairments causing disability. *Davenport v. Comm'r of Soc. Sec.*, 2012 WL 414821, at *10 (E.D. Mich. 2012).

On October 4, 2010, O'Neal's treating physician, Dr. Peter Kontos, provided a statement of material cause in support of O'Neal's application for benefits. [Tr. 688.] In it, he notes that O'Neal's "use of drugs and/or alcohol is a symptom of [her] condition, and/or is a form of self-medication. The disability is independent of any use." [*Id.* at 689.] The ALJ considered Kontos's

Case No. 5:11-CV-2673
Gwin, J.

statement, but ultimately afforded it little weight because "it is a conclusory statement not supported by the medical record as a whole [and] he apparently relied quiet heavily on the subjective report of symptoms and limitations provided by the claimant . . . ." [*Id*. at 37-38.]

In her objections to the Magistrate Judge's Report and Recommendation, O'Neal points to a recent unpublished Sixth Circuit case, *Johnson-Hunt v. Comm'r of Soc. Sec.*, 2012 WL 4039752 (6th Cir. Sept. 14, 2012). *Johnson-Hunt*, however, is inapposite. While that case does discuss substance abuse as a potential bar to benefits, that discussion is dicta. Rather, the holding of the case addresses the contours of the "controlling physician rule." The Sixth Circuit reversed the ALJ's denial of benefits because "it is not clear what weight the ALJ gave to the treating source's medical opinions and reasons for that weight." *Id.* at *7 (citation and alterations omitted).

No such error occurred here. As previously mentioned, the ALJ provided multiple reasons as to why Kontos's statement and opinion should be disregarded. The ALJ discounted the statement's reasoning because it relied on O'Neal's statements about her condition, which were of questionable credibility. [Tr. at 38.] O'Neal's claims of total disability are belied by the medical evidence, negatively affecting her credibility.

The medical evidence demonstrates that during periods of sobriety, O'Neal presented with unimpaired attention and concentration, fair insight and judgment, and intact thought process. [*Id.* at 587-89.] The evidence also shows that during the times that Kontos treated O'Neal, a time when O'Neal frequently consumed alcohol and drugs, O'Neal presented with restlessness, hyperactivity, obsessive thoughts, and insomnia. [Tr. 659.] In response, O'Neal states that the testifying medical expert said that the substance abuse was not a causal or contributing factor of the disability. The record belies this assertion. While true that the expert, Joseph Steiner, did not state that the

Case No. 5:11-CV-2673
Gwin, J.

substance abuse *was* a contributing factor, he also did not state the opposite conclusion.  Rather, he equivocated, and was cut off before finishing his statement.  *See* Tr. 81 (Steiner: "What is troubling for me is I am not sure how much those symptoms are driven by substance abuse.  But it is not clear at all—" Attorney: "All right.  We will get to that in a minute.").  When he was given the opportunity to answer, Steiner stated, "I don't know.  I honestly can't answer that, because I don't know what her level of use is.  If she was using heavily . . . then that would definitely, absolutely exacerbate the symptoms." *Id.* at 83.

The record shows that O'Neal functioned without severe impairment when she abstained from drug and alcohol abuse.  There is substantial evidence in the record, therefore, for the ALJ to have determined that O'Neal's alcohol and drug abuse stood in the way of her normal functioning.

IV.  Conclusion

For the foregoing reasons, the Court ADOPTS the recommendations of the Magistrate Judge, AFFIRMS the Commissioner's denial of benefits, and DENIES Plaintiff's motion for summary judgment [Doc. 11].

IT IS SO ORDERED.


Dated: February 4, 2013                    s/     *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE